IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SHIRLEY RICHARD** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. |
| | § | |
| **CLEAR LAKE REGIONAL** | § | |
| **MEDICAL CENTER** | § | Judge : |
| | § | |
| | § | |
| *Defendant,* | § | Jury Trial Requested |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, **SHIRLEY RICHARD** , Plaintiff, and files this her Original Complaint in which she is complaining of CLEAR LAKE REGIONAL MEDICAL CENTER hereinafter referred to as Defendant. In support of her causes of action, Plaintiff would show this Honorable Court and Jury the following:

This is a proceeding for Federal civil enforcement of lawful rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended, prohibiting certain unlawful employment practices, 42 U.S.C. §1981, 42 U.S.C. §1981a, as amended by the Civil Rights Act of 1991 including prohibition against intentional race discrimination, filed against CLEAR LAKE REGIONAL MEDICAL CENTER .

I.

## JURISDICTION

The Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331 because the issues in this case raise federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended,  42 U.S.C. 1981,  and 42 U.S.C. § 1981a et seq. as amended by the Civil Rights Act of 1991.

II.
## PARTIES

Plaintiff, Shirley Richard , is a Black American Female citizen of the United States of America residing in the Southern District of Texas, Houston Division and is a former employee of the Defendant, CLEAR LAKE REGIONAL MEDICAL CENTER .

CLEAR LAKE REGIONAL MEDICAL CENTER  is a Texas Corporation that maintains a principle place of business in the Southern District of Texas, Houston  Division . Service of process on this Defendant  can be perfected by serving its registered agent as follows:

CT Corporation System

1999 Bryan Street, suite 900

Dallas, Texas  75201

III.

## VENUE

Venue is proper in the Southern District of Texas, Houston  Division because the causes of

actions alleged herein all occurred within the said district and division.

## IV.
## STATEMENT OF THE CASE

In this lawsuit, Plaintiff is alleging a cause of action for Race Discrimination and for intentional Race discrimination in employment. Plaintiff wishes to invoke the enforcement of the substantive law of Title VII which seeks to prevent injury to Black Citizens, i.e. protected individuals, based on who they are, i.e., their status according to law, and for subjecting Plaintiff to other unlawful terms, conditions and privileges of employment.

## V.
## BACK GROUND

Plaintiff is a registered Nurse, she was first employed by the Defendant on or about February 5, 2005, in her professional capacity. Plaintiff was unlawfully terminated on or about September 11. 2012. At the time of her termination, she was assigned to the Defendant's Imaging Department.

## VI.
## STATEMENT OF FACTS

On or about September 11, 2012, Plaintiff met with Brad Horst, Defendant's Human Resources Director and Bill Vicinanza, the Defendant's Director of Radiology and her direct manager/supervisor. During the aforesaid meeting, Plaintiff was terminated. The Defendant's stated reason for Plaintiff 's termination was allegedly due to a reduction in force. Plaintiff alleges that her Race was a motivating factor for her termination even though there may have been other legitimate reasons. Defendant has and will articulate that the reason for her termination was

because in the fall of 2012, the imaging Department was allegedly experiencing a decrease in patient volume in the department where three , (two White and one Black)registered Nurses (RN) were employed and that one of the three RNs in that department would need to be laid off or otherwise terminated. Further, the Defendant claimed that the Hospital allegedly used three criteria for determining which RN would be laid off as follows:

    1. Persons who had been employed less than ninety(90) days. 2. Persons with performance issues, such as disciplinary actions and or low performance evaluations, and 3. Seniority , in the aforesaid order. Defendant further claimed and will articulate that out of the three RNs in the Imaging Department, all three had been employed over 90 days. That as to disciplines, Plaintiff was the only one of the three registered Nurses who had received a disciplinary action and that the disciplinary action taken against Plaintiff was because of Plaintiff's rude and inappropriate treatment of one of a White co worker. Plaintiff alleges that the reasons articulated for her termination is not worthy of credence and that the real reason for her termination was unlawful discrimination and a motivating factor was her Race. In that regard, Plaintiff alleges and would show that although the two non-Black registered Nurses in her department (one Heather Sweet and one Lori Forster) may not have had disciplinary actions recorded in their respective files, those individuals nonetheless had engaged in inappropriate employee conduct numerous times for which they should have been disciplined but were not because they were both non-black and were favored by Bill Vicinanza, the Director of Radiology as opposed to the Plaintiff. Further, the one disciplinary action recorded in her file, was for actions for which should have not been disciplined was motivated by her Race and arose after Plaintiff stressed that a patient needed to be seen, after which Elizabeth Murphy an X Ray Technician, told Plaintiff to "shut up" and in return Plaintiff told Elizabeth " no you shut up ' because she was wrong and that patient care was a priority for the

Hospital. However, when the matter was reported to Bill Vicinanza, the Director of Radiology, Plaintiff was immediately disciplined, and when Plaintiff ask whether Elizabeth was disciplined Bill Vicinanza told Plaintiff it was not something she needed to know. All to Plaintiff's damages, for which she now sues .

## VII.

## CAUSE OF ACTION
## RACE DISCRIMINATION AND INTENTIONAL RACE DISCRIMINATION

Plaintiff repeats and re–alleges all of the facts set forth above. By the above described actions, Plaintiff would show that her Race was a motivating factor in the adverse personnel actions taken against her. Further, that the Defendants intentionally discriminated against Plaintiff and again, her Race was a motivating factor for the adverse personnel actions taken against her and further that Defendant discriminated against her when the Defendant took derogatory discriminatory disciplinary personnel actions against her, then used the same to justify terminating Plaintiff from her position of employment with the Defendant. All to Plaintiff's damages for which she now sues seeking reinstatement to her former position, monetary damages including past lost pay, future lost pay, loss of benefits, front pay and all other damages allowed by law and equity.

## VIII.

## **PUNITIVE AND COMPENSATORY DAMAGES**

Plaintiff would show that this is a case in which exemplary damages can be awarded because of the Defendant's unlawful intentional discrimination Race and therefore Plaintiff would ask this Honorable Court to award exemplary damages against the Defendants, to punish the Defendants in an amount to be determined by the court and jury, as an example to the Defendants that such conduct will not be tolerated by the people of Texas and the Southern District of Texas, Houston Division

and so that the Defendant will not treat future employees in the same or similar fashion as the Defendants have treated Plaintiff. Further, because of Defendants' conduct, she has also caused Plaintiff to suffer mental and emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of sleep, for which she seeks compensatory damages and for which she now sues in an amount to be determined by the Court and Jury.

## IX.
## ATTORNEY'S FEES

Pursuant to the Civil Rights Act of 1964 as amended in 1991, Plaintiff sues the Defendant for all reasonable attorneys' fees and cost incurred in the prosecution of this suit in an amount to be proven to this honorable court.

## X.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully invokes the remedial powers of the Court as provided by applicable law and prays for the following:

a) Defendant is permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII, of the 1964 Civil Rights Act as amended, 42 U.S.C. sections 1981, and 1981a as amended by the Civil Rights Act of 1991.

b) Defendant be ordered to compensate, reimburse, and make whole Plaintiff as plead for all past and future wages and benefits Plaintiff would have received had it not been for Defendant's illegal actions including, but not limited to, past lost pay, front pay and benefits until reinstatement, for reinstatement, training, and seniority. Plaintiff further asks that she be awarded all benefits illegally withheld from the date of Plaintiff's termination until the date Plaintiff is reinstated to her

former position or tendered substantially equivalent employment with the Defendant , with interest on the withheld amounts to the date of payment.

c) The court grants such additional equitable and legal relief as is proper and just.

d) The Court award to Plaintiff the costs and expenses of this action and award to Plaintiff reasonable attorney's fees according to law.

    Respectfully submitted,
    COOPER & COOPER,
    Attorneys at Law
    /s/Gordon R. Cooper, II

    _____
    GORDON R. COOPER, II
    State Bar No.: 04785000
    3620 South MacGregor Way
    Houston, Texas  77021
    Telephone:  (713) 747-1446
    Telecopier: (713) 741-6802
    Email: cooperhou@aol.com

    ATTORNEYS FOR PLAINTIFF